## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHERMAN GALLOWAY,**

**Petitioner,**

**v.**                                                    **CASE NO. 20-3053-SAC**

**PRISONER REVIEW BOARD, et al.,**

**Respondents.**

## MEMORANDUM AND ORDER

This matter is a petition for mandamus filed by a prisoner in state custody.  Petitioner proceeds pro se and seeks leave to proceed in forma pauperis.  Petitioner seeks an order directing the District Court of Douglas County to vacate his conviction and directing the Kansas Parole Board to vacate their decision of April 8, 2019.

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief.  *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

The All Writs Act allows federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).  However, the power of a federal court to issue relief under the Act is contingent upon its subject matter jurisdiction over the case or controversy.  *United States v. Denedo*, 556 U.S. 904, 911 (2009).  *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) (the All Writs Act "does not operate to confer jurisdiction").

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent.  *See Rivers v. King*, 23 F. App'x 905, 08 n.4 (10th Cir. 2001) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials.").  *See also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361.")

Because the relief Petitioner seeks is to compel action by state officials, this matter must be dismissed for lack of jurisdiction.[1]

**IT IS, THEREFORE, BY THE COURT ORDERED** this matter is dismissed for lack of jurisdiction.

---

[1] Although Petitioner has no mandamus remedy in federal court, Article 3, § 3 of the Kansas Constitution vests original jurisdiction in proceedings in mandamus upon the Kansas Supreme Court.  Petitioner proceeds under K.S.A. 60-801, which defines mandamus as "a proceeding to compel some inferior court ...to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."  Therefore, Petitioner may present his request under K.S.A. 60-801 to the state supreme court.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 3) is denied as moot.

**IT IS FURTHER ORDERED** that Petitioner's motion for temporary restraining order (ECF No. 5) is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  This 11th day of August, 2020, at Topeka, Kansas.**

s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**